**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FELICIA ANTIONETTE FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 1:25-cv-03236 (UNA) |
| | ) |
| | ) |
| ANDREA L. HERTZFELD, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* Application, and for the reasons discussed below, it dismisses this case without prejudice.

Plaintiff, a resident of the District, sues several Defendants, all of whom appear to be associated with criminal proceedings filed against her in D.C. Superior Court, *see U.S. v. Fisher*, No. 2025 CF2 000131 (D.C. Super. Ct. filed Jan. 4, 2025) ("*Fisher I*");[1] *see* Compl. at 1–3. Plaintiff alleges that the Defendants—who include the presiding judge, a Superior Court clerk, Plaintiff's public defender, investigating and arresting police officers, and other unnamed mental health professionals and prosecutors—conspired against her, in violation of the constitution, federal criminal statutes, and the Racketeer Influenced and Corrupt Organizations Act, to execute an unlawful warrantless search without probable cause and arrest her, and to conduct mental health evaluations throughout the course of *Fisher I* without her consent, thus resulting in her unlawful

---

[1]    A court may take judicial notice of the docket and facts on the public record in other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

incarceration and tainting her criminal proceedings, which she also alleges suffered from bias. *See id*. She demands injunctive relief and damages. *See id*. at 3.

Notably, shortly after filing this matter, on October 16, 2025, Plaintiff pleaded guilty to two counts in *Fisher I*, and she was also sentenced on the same date. *See Fisher I* at Change of Plea to Guilty (The defendant plead guilty and was sentenced by Judge Hertzfeld) (Oct. 16, 2025); Judgment and Commitment Order Filed (Oct. 16, 2025); Sentence for Charge #1, #2 (Oct. 16, 2025).

Relevant here, the Supreme Court has stated that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). Here, if judgment were to be granted in Plaintiff's favor in this case, it "would necessarily imply the invalidity of h[er] conviction." *Id.* at 487. Therefore, because there is no indication that Plaintiff's convictions have been set aside, she cannot recover damages for the actions of those who allegedly brought about her conviction. *See Williams v. Hill,* 74 F.3d 1339, 1341 (D.C. Cir. 1996) (per curiam).

More, insofar as Plaintiff seeks equitable relief, this Court also lacks jurisdiction. Federal district courts generally lack jurisdiction to intervene or review actions before the Superior Court. *See Richardson v. Dist. of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. July 27, 1994). And, relevant here, "[w]here the proceedings begin in Superior Court, the defendant

can raise any constitutional claims in that court, appeal an adverse decision to the District of Columbia Court of Appeals, and if still dissatisfied seek review in the United States Supreme Court." *JMM Corp. v. Dist. of Columbia*, 378 F.3d 1117, 1121 (D.C. Cir. 2004).

For these reasons, the Court dismisses this action without prejudice. Plaintiff's Motion for Temporary Restraining Order, ECF No. 4, asking this Court to issue "an injunction to stay and halt proceedings" in *Fisher I* is denied for the same reasons, and her Motion for CM/ECF Password, ECF No. 5, is denied as moot. An Order consistent with this Memorandum Opinion is issued separately.

TREVOR N. McFADDEN
United States District Judge

Date: November 20, 2025